## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) ) | FILED STAMP: AUG. 21, 2008 08CV4773 JUDGE GETTLEMAN MAG. JUDGE COLE |
| Plaintiffs, | ) ) | Case No. J. N. |
| v. | ) ) | |
| WG CONCRETE, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the

Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy

Carollo, and Charles Ingrassia, for their Complaint against Defendant WG Concrete, Inc., state:

### COUNT I

1.    Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as

amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and Federal Common Law.

1

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant WG Concrete, Inc. (hereinafter the "Company") is an Illinois corporation.  The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining

2

agreements, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

      7.      The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the GDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

      8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective

3

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

9.     The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has performed covered work during the months of May 2008 forward and has:

(a)     failed to submit reports and/or contributions to Plaintiff Laborers' Pension Fund for the period of May 2008 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to submit reports and/or contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of May 2008 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to submit reports and/or contributions to Laborers' Training Fund for the period of May 2008 forward, thereby depriving the Laborers' Training Fund of contributions,

4

income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(d)     failed to report and/or pay all contributions owed to one or more of the other affiliated funds identified above for the period of May 2008 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

12.     The Company's actions in failing to make timely benefit reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

13.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, Federal Common Law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid benefit and contract for cash bond contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, audit costs, if any, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment Defendant WG Concrete, Inc.:

a.     ordering the Company to submit benefit reports and contributions for the time period of May 2008 forward and to submit its books and records to an audit, upon demand;

b.     entering judgment in sum certain against Defendants on the amounts due and owing pursuant to the May 2008 to present reports, any associated liquidated damages and interest, the accumulated liquidated damages, the audit, if any, including any outstanding

5

contributions, interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

      c.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

**COUNT II**

**(Failure To Submit Reports and Pay Union Dues)**

      14.      Plaintiffs reallege paragraphs 1 through 10 of Count I.

      15.      Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

      16.      Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted from the wages of its employees for the period of May 2008 forward, thereby depriving the Union of income and information.

      17.      The Company failed to timely report and/or pay dues for the months of April 2006, November 2007, March 2008, and April 2008. As a result, the Company owes $17.84 in associated liquidated damages.

      18.      Pursuant to the Agreement, the Company is liable to the Funds for the unpaid union dues, as well as any liquidated damages, reasonable attorneys' fees and costs as the

Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant WG Concrete, Inc., for the amount of the union dues owed to date together with all liquidated damages, accumulated liquidated damages, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

**COUNT III**

**(Failure To Pay Employee Benefit Contributions)**

19.    Plaintiffs reallege paragraphs 1 through 10 of Count I; and paragraphs 14 through 18 of Count II.

20.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has, as shown in a true and accurate copy of the audit conducted of the Company for the period of January 1, 2007 through March 31, 2008 attached hereto as Exhibit B; with a true and accurate copy of the audit summary sheet attached hereto as Exhibit B-1:

(a)    failed to report and pay contributions in the amount of $3,341.12 owed to Plaintiff Laborers' Pension Fund for the audit period of January 1, 2007 through March 31, 2008, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to report and pay contributions in the amount of $4,866.08 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of January 1, 2007 through

7

March 31, 2008, thereby depriving the Welfare Fund of contributions, income and information

needed to administer the Fund and jeopardizing the health and welfare benefits of the participants

and beneficiaries;

      (c)      failed to report and pay contributions in the amount of $124.24 owed to Laborers'

Training Fund for the period of January 1, 2007 through March 31, 2008, thereby depriving the

Laborers' Training Fund of contributions, income and information needed to administer the Fund

and jeopardizing the training fund benefits of the participants and beneficiaries;

      (d)      failed to report and pay contributions in the amount of $75.84 owed to the

Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the

audit period of January 1, 2007 through March 31, 2008, thereby depriving the LDCLMCC of

contributions, income and information needed to administer the Fund and jeopardizing the

benefits of the participants and beneficiaries;

      (e)      failed to report and pay contributions in the amount of $44.24 owed to the

Concrete Contractors' Association ("CCA"), for the audit period of January 1, 2007 through

March 31, 2008, thereby depriving CCA of contributions, income and information needed to

administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

      (f)      failed to report and pay contributions in the amount of $37.92 owed to Laborers'

Employers' Cooperation and Education Trust ("LECET") for the audit period of January 1, 2007

through March 31, 2008, thereby depriving LECET of contributions, income and information

needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

      21.      Pursuant to the terms of the Agreement and the Funds' respective Agreements and

Declarations of Trust, the Company is obligated to pay up to 20 percent liquidated damages for all contributions which are not paid in a timely fashion, plus interest. Accordingly, the Company owes $524.96 in liquidated damages and accumulated liquidated damages to the Pension Fund, $756.40 in liquidated damages and accumulated liquidated damages to the Welfare Fund, $19.81 in liquidated damages to the Training Fund, $7.58 in liquidated damages to LDCLMCC, $4.42 in liquidated damages to the CCA, $3.79 in liquidated damages to LECET, plus interest, on the amounts set forth in paragraph 20.

22.    Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company is obligated to pay the costs of any audit which reveals unpaid contributions. The cost of the audit which revealed the above delinquencies was $875.00.

23.    The Company's actions in failing to timely submit contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

24.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, and federal common law, the Company is liable to the Funds for unpaid contributions, as well as interest, liquidated damages, accumulated liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant WG Concrete, Inc., as follows:

a.    entering judgment in sum certain against the Company on the amounts due and owing pursuant to the audit for the period of January 1, 2007 through March 31, 2008 including

interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs; and

b.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure To Pay Union Dues)

25.    Plaintiffs reallege paragraphs 1 through 10 of Count I; paragraphs 14 through 18 of Count II; and paragraphs 19 through 24 of Count III.

26.    Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or report to the union and forward to the union $469.74 in dues that were deducted or should have been deducted from the wages of its employees for the audit period of January 1, 2007 through March 31, 2008, plus $46.97 in liquidated damages and accumulated liquidated damages on that amount, thereby depriving the Union of income and information.

27.    Pursuant to the Agreement and federal common law, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages on the unpaid dues and on late paid dues, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant WG Concrete, Inc., for the amount of the union dues owed pursuant to the audit conducted for the period of January 1, 2007 through March 31, 2008, together with all liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

10

August 21, 2008

Laborers' Pension Fund, et al.


By:  /s/Christina Krivanek
         Christina Krivanek

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL  60604
(312) 692-1540

11

# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY

### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO

101 BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between W-G CONCRETE I.N.C. ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America, AFL-CIO ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer, in response to the Union's request for recognition as the majority 9(a) representative of its Laborer employees, and the Union's offer to show evidence of its majority support, hereby recognizes the Union under Section 9(a) as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Union bargaining unit with respect to wages, hours and other terms and conditions of employment without the need for a Board certified election. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension thereof, without written approval from the Union. The Employer shall abide by this Agreement, and extensions hereof, provided that it employs at least one Laborer per year.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreements, as designated by the Union, between the Union and the Builders Association of Chicago and Vicinity, the Illinois Road Builders Association, the Underground Contractors Association, the Mason Contractors Association of Greater Chicago, the Concrete Contractors Association of Greater Chicago, S.D.C.R.U.C.A.W.C.C., the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, the Lake County Contractors Association, the Contractors Association of Will and Grundy Counties, the Fox Valley General Contractors Association, the Chicago Area Rail Contractors Association, the Chicago Scaffolding Association, and all other employer associations with whom the Union or its affiliated Local Unions has an agreement. If the applicable collective bargaining agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a new agreement has been established, which shall be incorporated retroactively herein. It is further agreed that where the Employer works within the geographic jurisdiction of the Union's affiliated Local Unions that have negotiated an association agreement effective within the Local Union's jurisdiction, then that Local Union agreement is herein specifically incorporated into this Agreement and shall supersede the area-wide standard association agreements within the locality for which it is negotiated in the case of any conflict between them. Notwithstanding the foregoing, this Agreement supersedes all contrary terms in other Local Union or area-wide association agreements.

3. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform working dues in the amount of 1.5% of gross wages, or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. It is the parties' intention that these deductions comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended, and such deductions be made only pursuant to written assignments from each employee on whose account such deductions are made, which shall not be irrevocable for a period of more than one year or beyond the termination date of the labor agreement, whichever occurs sooner.

4. **Work Jurisdiction.** This Agreement covers all work within the Union's work jurisdiction as set forth in the Union's Statement of Jurisdiction, receipt of which is hereby acknowledged, and as amended by the Union from time to time. The Statement of Jurisdiction is incorporated by reference into this Agreement. The Employer shall assign all work described therein to the Union-represented Laborer employees and acknowledges the appropriateness of this assignment. Neither the Employer nor its work assignments as required are subject to being stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union. The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure or other work and coming within the above-described jurisdiction of the Union to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. When the Employer contracts out or sublets any of the work coming within the above-described jurisdiction of the Union, it shall secure the obligations of any such subcontractor for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

5. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust ("LECET"), and to all other designated Union-affiliated benefit and labor-management funds, and to become bound by and be considered a party to the agreements and Declarations of Trust creating said Trust Funds as if it had signed the original copies of the Trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the Employer Trustees who shall, together with their successor Trustees, carry out the terms and conditions of the Trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension and Training Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the Trust Agreements and Collective Bargaining Agreement(s) in effect when the contributions were made; acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable agreements. Upon written notice to the Employer, the Union may increase the minimum surety bond to an amount not exceeding one hundred thousand dollars where necessary to ensure Employer compliance with its obligations.

Where Laborers covered by this Agreement perform work outside the Chicago area, the Employer shall, if covered under a local LIUNA-affiliated labor agreement in the area, contribute to the local fringe benefit funds in the amounts set forth in the local agreement. Otherwise, it shall remit all fringe benefit fund contributions in the amounts and to the funds as required under this Agreement.

6. **Wages and Industry Funds.** The Employer shall pay all the negotiated hourly wages, fringe benefit and industry fund contributions it is bound to pay under the applicable Collective Bargaining Agreements, including, where applicable, contributions to the Chicago-Area LECET and designated labor-management and industry advancement funds, except that no contributions shall be made to MCAF unless consented to and upon written direction from the Union. All additional wage rates, dues checkoff, and fringe benefits that are negotiated or become effective after May 31, 2001 shall be incorporated into this Agreement. The Union expressly reserves its sole right to allocate and apportion such annual total economic increase.

7. **Contract Enforcement.** All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitrator, it shall be liable for all costs and legal fees incurred by the Union in enforcing the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment or underpayment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, subcontracting in violation hereof, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other lawful and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

8. **Successors.** In the event of any change to the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, whether as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph. The Union may strike to enforce the terms hereof.

9. **Termination.** This Agreement shall remain in full force and effect from June 1, 2001 (unless dated differently below) through May 31, 2006, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date of this Agreement, or any extension thereof, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new area-wide negotiated agreements with the various Associations incorporating their terms into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given as described above.

10. **Execution.** The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Agreements.

Dated: **3-8-06**, 20**06**.

ACCEPTED:

Laborers' Local Union No. **4**

By: _John Salley_

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _Frank Riley_
Frank Riley, President & Secretary-Treas.

By: _James P. Connolly_
James P. Connolly, Business Manager

For Office Use Only:

**W G CONCRETE INC**
(Employer)

FEIN No. **200925460**

By: _Grzegorz Wojciechowicz_
(Print Name and Title)

_Grzegorz Wojciechowicz_
(Signature)

**3341 N. Nottingham**
(Address)

**Chicago Ill 60634**
(City, State and Zip Code)

**773 835-9538**
(Telephone/Fax)

WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER



EXHIBIT
A



# LABORERS' PENSION FUND and HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY

**11465 CERMAK ROAD**
**WESTCHESTER, ILLINOIS 60154-5768**

TOLL FREE: (866) 906-0200
TELEPHONE: (708) 562-0200
WELFARE FAX NO.: (708) 562-0716
PENSION FAX NO.: (708) 562-0790
e-mail: Pension@chilpwf.com
e-mail: Claims@chilpwf.com
e-mail: FieldDept@chilpwf.com

June 24, 2008

**BOARD OF TRUSTEES**

ADMINISTRATOR
JAMES S. JORGENSEN

SECRETARY
ALAN ESCHE

**PENSION FUND**

FOR LABOR
JOSEPH COCONATO
JAMES P. CONNOLLY
J. MICHAEL LAZZARETTO
RICHARD SHERMAN
LARRY WRIGHT
JEFF M. ZIEMANN

FOR EMPLOYERS
BENJAMIN D'ANDREA
ALAN ESCHE
RICHARD E. GRABOWSKI
ROBERT G. KRUG
DAVID H. LORIG
GARY LUNDSBERG

**WELFARE FUND**

FOR LABOR
JAMES P. CONNOLLY
MARTIN T. FLANAGAN
RICHARD KUCZKOWSKI
SCOTT PAVLIS
TIM RILEY
RICHARD SHERMAN

FOR EMPLOYERS
ALAN ESCHE
CHARLES J. GALLAGHER
RICHARD E. GRABOWSKI
DAVID H. LORIG
DENNIS P. MARTIN
TIM J. SCULLY

MR. PATRICK T WALLACE
LABORERS' PENSION & WELFARE FUND
SUB OFFICE
STE 1415
111 W JACKSON BLVD
CHICAGO IL 60604-3868

Dear Mr. Wallace:

    Herewith enclosed is an Audit as submitted by Bansley & Kiener, LLP the following firm, which is being submitted to you for legal action:

    W G Concrete, Inc.
    Contractor Code # 34525

    Attached you will find a copy of the summaries showing amounts owed from these audits including the penalties owed.

    Should you need any additional information, kindly call me.

            Sincerely,

Laborer's Pension and Welfare Fund

            Rocco Marcello,
            Field Representative

RM:ag
Encl

CC:  Frank Riley
     Robbin Blakely

EMPLOYER PARTICIPANTS –
Builders' Association, Employing Plasterers' Association, Underground Contractors' Association, Mason Contractors
Concrete Contractors' Association, Wrecking Contractors, Concrete Products Employers, Lake County Illinois Emp
Road Builders Association, Bridge and Highway Structural Builders; i.e. all those who employ Laborers Engaged in
and Construction Industry.



EXHIBIT
B

**WG CONCRETE, INC.**
**3341 N. NOTTINGHAM AVE.**
**CHICAGO, IL 60634**

**EMPLOYER #34525**

**JANUARY 1, 2007 – MARCH 31, 2008**

# BANSLEY AND KIENER, L.L.P.

### CERTIFIED PUBLIC ACCOUNTANTS

O'HARE PLAZA
8745 WEST HIGGINS ROAD, SUITE 200
CHICAGO, ILLINOIS 60631
AREA CODE 312 263.2700

June 20, 2008

Board of Trustees
Pension and Welfare Funds of Construction and General
    Laborers' District Council of Chicago and Vicinity
11465 Cermak Rd.
Westchester, IL 60154

We have applied certain procedures, as discussed below, to the payroll records of WG Concrete, Inc., a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period January 1, 2007 to March 31, 2008. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreement of the Fund. The propriety of the contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records. The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records. The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Fund. Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are noted on the accompanying report.

*Bansley and Kiener, L.L.P.*

BANSLEY and KIENER, L.L.P.
Certified Public Accountants

# Laborers' District Council
## Reconciliation of Differences Per Year

| Fiscal Year Ending | | 5-31 2007 | 5-31 2008 | Total Due |
|---|---|---|---|---|
| Hours Not Reported | | 296.00 | 336.00 | 632.00 |
| Hours - Men Not Reported | | 0.00 | 0.00 | 0.00 |
| | | | | |
| **Dollar Amount Due** | | | | |
| Welfare | | 2,208.16 | 2,677.92 | 4,886.08 |
| Pension | | 1,432.64 | 1,908.48 | 3,341.12 |
| Training | | 50.32 | 73.92 | 124.24 |
| CCA | | 20.72 | 23.52 | 44.24 |
| LECET | | 17.76 | 20.16 | 37.92 |
| LMDC | | 35.52 | 40.32 | 75.84 |
| Working Dues | | 163.43 | 306.31 | 469.74 |
| **Total** | | 3,928.55 | 5,050.63 | 8,979.18 |

| | |
|---|---|
| Plus previous late charges assessed by Laborers' Pension and Welfare Funds | 0.00 |
| Plus previous underpayments incurred to Laborers' District Council Funds | 0.00 |
| Plus previous penalties incurred to Laborers' District Council Funds | 17.84 |
| Audit Fee | 875.00 |
| **Total amount due** | **9,872.02** |

| | | | |
|---|---|---|---|
| Employer Name - | W G CONCRETE, INC. | Person Contacted - | BEATA ZNALEZNIAK |
| Employer - | 34525 | Date of Contact - | MARCH 24, 2008 |
| Date of Audit - | MAY 9, 2008 | Telephone - | 708-598-1040 |
| Audit Period - | JANUARY 1, 2007 - MARCH 31, 2008 | Auditor - | RACHEL PATTERSON |

2

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours

| SS# | Name | Rate | 2006 | | | | | | | 2007 | | | | | Total Hours |
|-----|------|------|------|------|------|------|------|------|------|------|------|------|------|------|------|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 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 | NAREL, MIROSLAW | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 56.00 | 92.00 | 148.00 |
| 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 | SWIETLICKI, MAREK | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 56.00 | 92.00 | 148.00 |
| | | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 112.00 | 184.00 | 296.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|------|------|-------|
| Welfare | $7.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 835.52 | 1,372.84 | 2,208.16 |
| Pension | $4.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 542.08 | 890.56 | 1,432.64 |
| Training | $0.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 19.04 | 31.28 | 50.32 |
| CCA | $0.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7.84 | 12.88 | 20.72 |
| LECET | $0.06 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.72 | 11.04 | 17.76 |
| LMDC | $0.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13.44 | 22.08 | 35.52 |
| Working Dues | $0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61.84 | 101.59 | 163.43 |
| Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,486.48 | 2,442.07 | 3,928.55 |

**Note:** All deficiencies are based on information provided by the fund illustrating actual hours worked by Miroslaw Narel and Marek Swietlicki less contributed hours.

| | | | |
|---|---|---|---|
| Employer Name - W G CONCRETE, INC. | | Person Contacted - | BEATA ZNALEZNIAK |
| Employer - 34525 | | Date of Contact - | MARCH 24, 2008 |
| Date of Audit - MAY 9, 2008 | | Telephone - | 708-598-1040 |
| Audit Period - JANUARY 1, 2007 - MARCH 31, 2008 | | Auditor - | RACHEL PATTERSON |

3

# Laborers' District Council

## Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | 2006 | | | | | | | 2007 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 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 | NAREL, MIROSLAW | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,766.80 | 2,902.60 | 4,669.40 |
| 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 | SWIETLICKI, MAREK | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,766.80 | 2,902.60 | 4,669.40 |
| | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,533.60 | 5,805.20 | 9,338.80 |

Rate - 1.75% of gross wages

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61.84 | 101.59 | 163.43 |

**Note:** Deficient wages were determined based on the actual hours deficient worked at scale wage rate.

| | | | |
|---|---|---|---|
| Employer Name - W G CONCRETE, INC. | | Person Contacted - | BEATA ZNALEZNIAK |
| Employer - 34525 | | Date of Contact - | MARCH 24, 2008 |
| Date of Audit - MAY 9, 2008 | | Telephone - | 708-598-1040 |
| Audit Period - JANUARY 1, 2007 - MARCH 31, 2008 | | Auditor - | RACHEL PATTERSON |

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours

| SS# | Name | Rate | 2007 | | | | | | | 2008 | | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 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 | NAREL, MIROSLAW | | 92.00 | 48.00 | 0.00 | 28.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 188.00 |
| 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 | SWIETLICKI, MAREK | | 92.00 | 48.00 | 0.00 | 28.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 168.00 |
| | Total | | 184.00 | 96.00 | 0.00 | 56.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 336.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $7.97 | 1,466.48 | 765.12 | 0.00 | 448.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,677.92 |
| Pension | $5.68 | 1,045.12 | 545.28 | 0.00 | 318.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,908.48 |
| Training | $0.22 | 40.48 | 21.12 | 0.00 | 12.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 73.92 |
| CCA | $0.07 | 12.88 | 6.72 | 0.00 | 3.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 23.52 |
| LECET | $0.06 | 11.04 | 5.76 | 0.00 | 3.36 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.16 |
| LMDC | $0.12 | 22.08 | 11.52 | 0.00 | 6.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.32 |
| Working Dues | $0.12 | 187.74 | 87.52 | 0.00 | 51.05 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 308.31 |
| Total | $0.00 | 2,785.82 | 1,443.04 | 0.00 | 841.77 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,050.83 |

**Note: All deficiencies are based on information provided by the fund illustrating actual hours worked by Miroslaw Narel and Marek Swietlicki less contributed hours.**

| | | | |
|---|---|---|---|
| Employer Name - | W G CONCRETE, INC. | Person Contacted - | BEATA ZNALEZNIAK |
| Employer - | 34525 | Date of Contact - | MARCH 24, 2008 |
| Date of Audit - | MAY 9, 2008 | Telephone - | 708-598-1040 |
| Audit Period - | JANUARY 1, 2007 - MARCH 31, 2008 | Auditor - | RACHEL PATTERSON |

5

# Laborers' District Council

## Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | 2007 | | | | | | | 2008 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 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 | NAREL, MIROSLAW | 3,049.80 | 1,591.20 | 0.00 | 928.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,569.20 |
| 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 | SWIETLICKI, MAREK | 3,049.80 | 1,591.20 | 0.00 | 928.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,569.20 |
| | Total | 6,099.60 | 3,182.40 | 0.00 | 1,856.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11,138.40 |

Rate - 2.75% of gross wages

| Dues | 167.74 | 87.52 | 0.00 | 51.05 | 0.00 | | | | | | | | 306.31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Note: Deficient wages were determined based on the actual hours deficient worked at scale wage rate.

| | |
|---|---|
| Employer Name - W G CONCRETE, INC. | Person Contacted - BEATA ZNALEZNIAK |
| Employer - 34525 | Date of Contact - MARCH 24, 2008 |
| Date of Audit - MAY 9, 2008 | Telephone - 708-598-1040 |
| Audit Period - JANUARY 1, 2007 - MARCH 31, 2008 | Auditor - RACHEL PATTERSON |

6

7

**BANSLEY & KIENER, L.L.P.**
**PAYROLL AUDIT INFORMATION SHEET**

| | | | |
|---|---|---|---|
| EMPLOYER'S NAME | W G CONCRETE, INC. | EMPLOYER # | 34525 |
| ADDRESS | 3341 N. NOTTINGHAM AVE. | PHONE # | 708-598-1040 |
| CITY/STATE/ZIP | CHICAGO, IL 60634 | FEIN # | 20-0925460 |
| DATE OF CONTACT | MARCH 24, 2008 | AUDIT PERIOD | 1/1/2007 - 3/31/2008 |
| CONTACT'S NAME | BEATA ZNALEZNIAK | TITLE | ACCOUNTANT |
| PERSON FUND IS TO CONTACT | SAME AS ABOVE | TITLE | ACCOUNTANT |
| ENTITY TYPE | S-CORPORATION | # OF EMPLOY. | 2 |
| BUSINESS ACTIVITY | CONCRETE WORK | | |

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| GRZEGORZ WOJCIECHOWICZ | PRESIDENT | 100% | SAME AS ABOVE |

BANKING FACILITIES USED AND ACCOUNT NO.          MIDAMERICA BANK          610264858

DOES EMPLOYER HAVE INTEREST IN OTHER OPERATIONS?

☐ YES     ☒ NO

IF YES, LIST NAMES OF SAME          N/A

IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION?

☐ YES     ☒ NO

IF YES, LIST NAMES OF SAME          N/A

8

**BANSLEY & KIENER, L.L.P.**
**PAYROLL AUDIT INFORMATION SHEET**

AUDIT DATE                    MAY 9, 2008

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS):        3357 HARLEM DR.

                                                         CHICAGO, IL 60634

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF:      N/A

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY:      INSUFFICIENT CONTRIBUTIONS REMITTED

FOR EMPLOYEES THROUGHOUT THE AUDIT PERIOD.

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE
ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

                                               [X] YES          [ ] NO

IF YES, EXPLAIN:          NOTED DEFICIENCIES ARE BASED ON INFORMATION  PROVIDED BY THE

FUND FOR THE TIME PERIOD FROM APRIL 2007 TO SEPTEMBER 2007, WHICH ILLUSTRATES THAT THE COMPANY

DID NOT REMIT CONTRIBUTIONS FOR ALL HOURS WORKED BY THE EMPLOYEES.

AUDITOR:               RACHEL PATTERSON

# LABORERS' PENSION & WELFARE FUNDS

AUDIT

EMPLOYER    W G CONCRETE, INC.

CODE    34525

6/23/2008

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

1-1-07 - 3-31-08

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CCA | RATE | CAICA | RATE | LECET | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-1-07 - 5-31-07 | 296.00 | 2,208.16 | 7.46 | 1,432.64 | 4.84 | 50.32 | 0.17 | 163.43 | 35.52 | 0.12 | 20.72 | 0.07 | | | 17.76 | 0.06 | | | 3,928.55 |
| 6-1-07 - 3-31-08 | 336.00 | 2,677.92 | 7.97 | 1,908.48 | 5.68 | 73.92 | 0.22 | 306.31 | 40.32 | 0.12 | 23.52 | 0.07 | | | 20.16 | 0.06 | | | 5,050.63 |
| SUBTOTAL | 632.00 | 4,886.08 | | 3,341.12 | | 124.24 | | 469.74 | 75.84 | | 44.24 | | | | 37.92 | | | | 8,979.18 |
| 10% PENALTIES | | 220.82 | | 143.26 | | 5.03 | | 46.97 | 7.58 | | 4.42 | | | | 3.79 | | | | 431.87 |
| 20% PENALTIES | | 535.58 | | 381.70 | | 14.78 | | | | | | | | | | | | | 932.06 |
| AUDIT COSTS | | 437.50 | | 437.50 | | | | | | | | | | | | | | | 875.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | | | |
| ACCUM. PENALTIES | | | | | | | | | | | | | | | | | | | |
| ACCUM. INTEREST | | | | | | | | | | | | | | | | | | | |
| TOTAL DUE | | 6,079.98 | | 4,303.58 | | 144.05 | | 516.71 | 83.42 | | 48.66 | | | | 41.71 | | | | 11,218.11 |



EXHIBIT
B-1
tabbies